BRIAN R. CHAVEZ-OCHOA
CALIFORNIA STATE BAR #190289
CHAVEZ-OCHOA LAW OFFICES
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
(209) 772-3013
FAX (209) 772-3090
chavezochoa@Yahoo.com

Attorney for Plaintiffs

04 JAN 22 AM 9:52
REC'D
CAMERON S. BURKE
CLERK IDAHO

15772

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CIV 04 - 040 - S - EJL

| | |
|---|---|
| GENERATION LIFE, BRANDI SWINDELL, REV. BRYAN FISCHER, PASTORS POLICY COUNCIL, Plaintiffs, vs. CITY OF BOISE, IDAHO, DAVID BIETER, in his official capacity as Mayor of the City of Boise, JEROME MAPP, in his official capacity of City Councilman for the City of Boise, MARYANNE JORDAN, in her official capacity of City Councilman for the City of Boise, VERNON BISTERFELDT, in his official capacity of City Councilman for the City of Boise, ELAINE CLEGG, in her official capacity of City Councilman for the City of Boise, DAVID EBERLE, in his official capacity of City Councilman for the City of Boise, ALAN SHEALY, in his official capacity of City Councilman for the City of Boise, Defendants. | Case No.: CASE NO.: COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF [First and Fourteenth Amendments to the United States Constitution; 42 USC Section 1983] |

## NATURE OF THE CASE

1. This is a civil action pursuant to 42 U.S.C. Section 1983 to vindicate the plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution. The



1.

plaintiffs, Generation Life, a Pro-Christian Association, Brandi Swindell, a resident of Boise, Idaho, and Christian, Reverend Bryan Fischer, an ordained minister and Commissioner on the Boise Parks and Recreation Commission, and Pastors Policy Council, an association of pastors concerned with public policy issues, seek injunctive relief to require the defendants, the City of Boise, Idaho, the Mayor of the City of Boise, Idaho, and all members of the City Council for the City of Boise, Idaho, to allow a large religious Monument to remain in Julia Davis Park, located in Boise, Idaho. The monument contains the Ten Commandments, a sacred text of Judeo-Christian faith; generally proclaiming the primacy of the law of God over the law of the citizenry. The monument is intended to proclaim the Ten Commandments as the cornerstone of the judicial foundation of this nation and country. It is interesting to note, however, that unless one is informed of the religious connotations of the monument itself, the language on the monument is duplicative of language that has been borrowed from over the years by state legislatures and the federal government when forming, drafting, and enumerating state and federal penal code sections. It is, however, more interesting to note that the Supreme Court of the United States has an almost identical monument to the Ten Commandments in the United States Supreme Court Building in Washington, DC, only that particular monument is chiseled into a marble wall within the court building. To observers such as the plaintiffs, the monument's celebration of the Ten Commandments—both as a religious text and as the root of and the primary authority for Idaho State Law, signifies an endorsement of the laws that the State of Idaho and this nation has been founded upon, and cherished throughout the years by our founding fathers and their ancestry.

The purpose of removing the Ten Commandments Monument is no secret-the removal of God, or mention thereof, from Julia Davis Park. Julia Davis Park celebrates human rights and

includes a monument known as the Anne Frank monument. This monument includes quotes from Dr. Martin Luther King, the United Nations Charter and other historical figures. By removing the Ten Commandments Monument, the defendants, either knowingly or not, are, in fact, establishing a religion in violation of the Establishment Clause of the First Amendment to the United States Constitution- the religion of nontheistic beliefs. By so doing, the belief of one individual is more sacred than that of another and therefore, the quandary, discrimination and denial of the plaintiffs' rights under the First and Fourteenth Amendments.

## JURISDICTION AND VENUE

2. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983. Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343.

3. Because the Plaintiffs reside in the City of Boise, Idaho, or within the boundaries of this district and because the subject of this action is located in the City of Boise, venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. Section 1391.

## PARTIES

4. Plaintiff Generation Life is a Pro-Life, Pro-Christian political and social justice activist association that is committed to Judeo-Christian values, and dedicated to fighting for religious freedom. Generation Life embraces human rights for all and fights for the dignity of women and children.

5. Plaintiff Brandi Swindell is a resident of Boise, Idaho, a Christian and holds firm the belief that Jesus Christ is Lord and Savior of all. Ms. Swindell believes that the Lord God is the creator of all living things and that the foundation of the United States of America was

founded upon Jesus Christ. The plaintiff points to the proclamations of the founding fathers as to their belief in One Creator, and to the belief that all men were created equal. The removal of the Ten Commandments Monument from Julia Davis Park is offensive to the plaintiff in that the removal is but one more attempt to remove any mention of God in any setting or place in the State of Idaho and in this nation. By so doing, the religion of nontheistic beliefs is being favored over any other religion.

6. Plaintiff Reverend Bryan Fischer is a resident of Boise, Idaho, and a Christian and holds firm the belief that Jesus Christ is Lord and Savior of all. Reverend Fischer believes that the Lord God is the creator of all living things and that the foundation of the United States of America was founded upon Jesus Christ. The plaintiff points to the proclamations of the founding fathers as to their belief in One Creator, and to the belief that all men were created equal. The removal of the Ten Commandments Monument from Julia Davis Park is offensive to the plaintiff in that the removal is but one more attempt to remove any mention of God in any setting or place in the State of Idaho and in this nation. By so doing, the religion of nontheistic beliefs is being favored over any other religion.

7. Plaintiff Pastors Policy Council is an association of pastors concerned with public policy issues and finds offensive the intended removal of the Ten Commandments Monument from Julia Davis Park.

8. Defendants are sued in their official capacity as the City of Boise, Idaho, the Mayor of the City of Boise, Idaho, and all members of the City Council for the City of Boise, Idaho. The defendants have control and authority over Julia Davis Park and the removal of the Ten Commandments Monument from said park.

**STATEMENT OF FACTS**

9. The Ten Commandments Monument is located within Julia Davis Park, a park that celebrates human rights. Julia Davis Park contains several monuments, including the Ten Commandments Monument at-issue. Julia Davis Park is a Regional Park located near downtown Boise. The park is 86 acres and is a cultural, historic and artistic gateway into the heart of the city. Nestled within the park is the Rose Garden, Zoo Boise, Boise Art Museum, Idaho State Historical Museum, the Black History Museum, and the Discovery Center. The band shell, playground, lagoon and river walks are intimate to Julia Davis Park as well.

10. The at-issue monument in this action is located in a not so prominent place within the park itself, not to far from the Anne Frank Monument. The monument contains the Ten Commandments; the wording and depictions of the stone tablets written by the finger of God and delivered by the Creator to Moses while the Israelites traveled through the desert for forty years.

11. The Ten Commandments commands as follows:

I AM THE LORD THY GOD
THOU SHALT HAVE NO OTHER GODS BEFORE ME
THOU SHALT NOT MAKE UNTO THEE ANY GRAVEN IMAGES
THOU SHALT NOT TAKE THE NAME OF THE LORD IN VAIN
REMEMBER THE SABBATH DAY, TO KEEP IT HOLY
HONOR THY FATHER AND THY MOTHER
THOU SHALT NOT KILL
THOU SHALT NOT COMMIT ADULTERY
THOU SHALT NOT STEAL
THOU SHALT NOT BEAR FALSE WITNESS
THOU SHALT NOT COVET

12. The quotations are intended to support the belief that the law of God is the foundation of the law and institutions of the citizenry, and that God is necessary to the administration of justice.

13. The Ten Commandments monument was installed in 1965 on the city's greenbelt as a gift from the city's Fraternal Order of the Eagles and is across the street from the Anne Frank Human Rights Memorial, established to promote respect for human dignity and diversity.

14. The Ten Commandments monument has been in open public view since 1965 and was erected and put into place as a secular display. The plaintiffs believe that the Ten Commandments monument may have been installed promoting the movie "The Ten Commandments".

15. Most recently and within the last several months, several groups espousing non-theistic religious beliefs have demanded that the city council remove the Ten Commandments monument from the park.

16. The defendants held a meeting on January 20, 2004 wherein the agenda included the issue of removal of the Ten Commandments monument from Julia Davis Park. The public was not allowed to address the city council, nor was any public input or comments taken in regard this issue. In other words, the public was denied the right to be heard on this issue and therein the Due Process Rights of the plaintiffs were violated. At the close of the meeting, the city council voted to remove forthwith the Ten Commandments Monument from Julia Davis Park.

17. As citizens of the State of Idaho and as visitors to Julia Davis Park on numerous occasions, the plaintiffs are aware of the Ten Commandments Monument.

18. The plaintiffs have read the full text of the monument.

19. The plaintiffs reasonable view the monument as a reminder that the laws of the State of Idaho and this great nation were promulgated in reverence to God. The plaintiffs do not view the monument as an endorsement of religion by the city or state, but rather see it as a cornerstone of justice and fairness inherent in the jurisprudence of this nation's laws. Most importantly, plaintiffs believe that the monument stands for the proposition that all men are created equal and by compliance with the stated laws of God will live and prosper. To remove the Ten Commandments Monument from Julia Davis Park is highly offensive to the plaintiffs in that God, and mention thereof, is being eradicated from the State of Idaho and this country in deference to the religion of nontheistic religious beliefs.

20. The plaintiffs believe that any attempt to remove the Ten Commandments Monument is an affront to their religious freedom and an attack on their Christian beliefs.

21. The purpose of the monument is not to advance one religion over another, but simply stands for the proposition that justice and the rule of law shall prevail. It is the rule of law that is at the cornerstone of jurisprudence in the State of Idaho. The removal of the Ten Commandments Monument by the defendants, not withstanding their personal views, sends a clear message that the religion of nontheistic beliefs is preferred and advocated by the defendants and thereby creates an excessive entanglement of government with the religion of nontheistic beliefs.

22. The act of the defendants in voting to remove forthwith the Ten Commandments Monument from Julia Davis Park implies and clearly suggests that adherence to the religion of nontheistic beliefs is a prerequisite or an advantage to those seeking favor in the City of Boise and/or before its city council.

**CAUSES OF ACTION**

## I.

## FIRST CAUSE OF ACTION

### Discrimination against the Judeo-Christian Faith

23. The removal of the Ten Commandments Monument constitutes an impermissible endorsement of the religion of nontheistic beliefs by the state and thereby violates the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

24. The violation of the plaintiffs' rights specified above may be remedied pursuant to 42 U.S.C. Section 1983.

25. The removal of the Ten Commandments Monument creates an excessive entanglement of government with the religion of nontheistic beliefs and thereby violates the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

26. The display of the Ten Commandments Monument in Julia Davis Park does not create an excessive entanglement of government with religion. The Supreme Court of the United States openly displays in full public view the Ten Commandments chiseled into a marble wall within the United States Supreme Court Building.

27. The violation of the plaintiffs' rights specified above may be remedied pursuant to 42 U.S.C. Section 1983.

## II.

## SECOND CAUSE OF ACTION

### Government Hostility Against Religion

28. The removal of the Ten Commandments Monument constitutes an impermissible hostility against religion by the state and thereby violates the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

29. The violation of the plaintiffs' rights specified above may be remedied pursuant to 42 U.S.C. Section 1983.

30. The removal of the Ten Commandments Monument creates hostility against religion by the government pitting and favoring the religion of nontheistic beliefs over the Judeo-Christian Faith which is impermissible as more fully set forth above and incorporated by reference herein and thereby violates the plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

31. The display of the Ten Commandments Monument in Julia Davis Park does not create an atmosphere of hostility by the government against religion, but the removal thereof does. The Supreme Court of the United States openly displays in full public view the Ten Commandments chiseled into a marble wall within the United States Supreme Court Building.

32. The violation of the plaintiffs' rights specified above may be remedied pursuant to 42 U.S.C. Section 1983.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray this Honorable Court grant the following judgment in plaintiff's favor and the following relief:

1. Declaratory relief that defendants' conduct of removing the Ten Commandments Monument from Julia Davis Park would violate the plaintiffs rights under the First and Fourteenth Amendments;

2. Enter a permanent injunction requiring the defendants, their agents, employees, and all persons acting in concert with defendants to refrain from removing the Ten Commandments Monument from Julia Davis Park;

3. In the event that defendants remove the Ten Commandments Monument from Julia Davis Park before this matter can be heard by the Court, that this Court issue an order requiring the defendants to return the Ten Commandments Monument to Julia Davis Park and further requiring the defendants to refrain from removing said monument and thereafter a permanent injunction would issue against defendants, their agents, employees and all acting in concert with them and preclude them from removing the Ten Commandments Monument from Julia Davis Park;

4. Award the plaintiff reasonable costs and attorneys' fees pursuant to U.S.C. Section 1988; and

5. Grant the plaintiffs such other relief as the Court deems necessary and proper.

Dated: January 21, 2004.

Respectfully submitted,

CHAVEZ-OCHOA LAW OFFICES

Brian R. Chavez-Ochoa
Lead Counsel for Plaintiffs
California State Bar #190289
4 Jean Street, Suite 4
Valley Springs, California 95252
(209) 772-3013